1  Daniel E. Thenell, OSB No. 971655
Email: dan@thenelllawgroup.com
2  Chelsea Pyasetskyy, No. 136450
Email: chelsea@thenelllawgroup.com
3  Thenell Law Group, P.C.
12909 SW 68th Parkway, Suite 290
4  Portland, Oregon 97223
Telephone: (503) 372-6450
5  Facsimile: (503) 372-6496
*Attorneys for Plaintiff*

6

7              IN THE UNITED STATES DISTRICT COURT

8                  FOR THE DISTRICT OF OREGON

9                      PORTLAND DIVISION

10

11  SYDNEY S. YAMASAKI,                    | Case No.: 3:20-cv-1911

12                     Plaintiff,          | COMPLAINT FOR DAMAGES

13  v.                                     | **DEMAND FOR JURY TRIAL**

14
SONDER, INC.; and XYZ
15  CORPORATIONS,
                     Defendants.
16

17

18

19      PLAINTIFF  SYDNEY  YAMASAKI  (hereinafter  "Plaintiff"),  by  and  through  his

counsel, Thenell Law Group, alleges, at all times material hereto, as follows:
20
                              **PARTIES**
21
                                 1.
22
    At  all  times  material,  Plaintiff  Sydney  Yamasaki  is  an  individual  residing  within
23
Clackamas County, Oregon.
24
                                 2.
25
    At  all  times  material,  Defendant  Sonder,  Inc.  (hereinafter  "Defendant  Sonder")  is  a
26

Page 1 – COMPLAINT                                                        2020-103

1  corporation organized and existing under and by virtue of the laws of the State of Delaware. Its

2  principal place of business is 101 15th St., San Francisco, CA 94103, and it has a registered agent

3  within the State of Oregon, located at 8130 SW Beaverton Hillsdale Highway, Portland, Oregon

4  97225.  Upon information and belief, Sonder conducts business in the State of Oregon.

5                                                                3.

6       At all times material, XYZ Corporations (hereinafter "Defendant Corporations") are any

7  and all contractors, professionals, service providers, and third parties that purchase, install,

8  maintain, test, control, service, repair, monitor and inspect 20 Broad Street, New York, NY, the

9  building's cooling towers, evaporative condensers, fluid coolers, heat exchangers, risers,

10  plumbing system, HVAC air distribution system, and any mechanical parts therein, and all

11  equipment and water utilized thereto; and all manufacturers and distributors of all parts of the

12  water system of the building located at 20 Broad Street, New York, NY, that was found to

13  contain Legionella bacteria by the New York City Department of Health and Mental Hygiene

14  New York Health Department (hereinafter "New York Department of Health"), including but not

15  limited to, all manufacturers and distributers of the building's cooling towers, evaporative

16  condensers, fluid coolers, heat exchangers, risers, plumbing system, HVAC air distribution

17  system, and any mechanical parts therein.

18

19                                                    **JURISDICTION**

20                                                                4.

21       This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332. The

22  amount in controversy exceeds $75,000, exclusive of costs and interest.

23  / / /

24  / / /

25  / / /

26

Page 2 – COMPLAINT                                                                                                          2020-103

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

1

## VENUE

2

5.

3 Venue in this District is proper under 28 U.S.C. § 1391, as Defendant Sonder maintains a

4 registered agent in the State of Oregon and has sufficient contacts with the State of Oregon to be

5 subject to the personal jurisdiction of the state.

6

7

## GENERAL ALLEGATIONS

8

6.

9 Upon information and belief, the building at 20 Broad Street in New York City is a

10 twenty-nine (29) story building consisting of over 500 separate residential rental units.

11 According to New York State Health Data, the building at 20 Broad Street has a registered

12 cooling tower located at that address.

13

7.

14 Upon information and belief, Defendant Sonder entered into a lease agreement with the

15 owner(s) of the building at 20 Broad within the past five years for the rental units on floors two

16 through eleven, as well as various common areas.

17

8.

18 Upon information and belief, the terms of the lease specify that Defendant Sonder is

19 solely responsible for the operation and maintenance of floors two through eleven of the building

20 at 20 Broad Street (hereinafter "Defendant's Premises").

21

9.

22 Upon information and belief, Defendant Sonder leases, furnishes, operates, and manages

23 roughly 9,000 rental spaces across the United States.

24 / / /

25 / / /

26

Page 3 – COMPLAINT

2020-103

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

1

**LEGIONNAIRES' DISEASE CONTRACTION**

2

10.

3

Legionnaires' disease is a serious, potentially lethal variation of pneumonia[1]. The disease

4

is caused by inhaling or swallowing water containing *Legionella* bacteria. *Legionella* bacteria

5

grows and spreads in water systems, such as cooling towers and commercial water systems, that

6

are not properly maintained[2]. In the United States, between 8,000 and 18,000 individuals are

7

hospitalized from Legionnaires' Disease each year, with a fatality rate of up to 30%.

8

11.

9

In early spring of 2020, the New York Department of Health became aware of two guests

10

who had stayed or were staying at Defendant Premises on 20 Broad Street in the prior year who

11

were diagnosed with Legionnaires' disease. Both individuals stayed on floors two through

12

eleven.

13

12.

14

On or about February 24, 2020, the New York Department of Health conducted a

15

sampling of the water supply on Defendant's Premises to test for the presence of *Legionella*

16

bacteria. The testing found *Legionella* bacteria in the water system on Defendant's Premise that

17

supplied water to floors two to eleven.

18

13.

19

Defendant Sonder and its agents and employees failed to warn visitors and guests on

20

Defendant's Premises of the possibility of contracting Legionnaires' disease via exposure to

21

water from the building water system and cooling tower.

22

23

24

[1] Thomas P. Bernier and Susan E. Smith, LESSONS LEARNED FROM LEGIONNAIRES' DISEASE LITIGATION - THE STANDARD OF CARE DEFENSE IN EMERGING TOXIC TORT CLAIMS, 56 No. 4 DRI for Defendant, Apr. 2014 at 2; U.S. Department of Health and Human Service Centers for Disease Control and Prevention, www.cdc.gov/legionella (7/18/2016).

25

26

[2] Legionella: Prevention, Center for Disease Control and Prevention, https://www.cdc.gov/legionella/about/prevention.html.

Page 4 – COMPLAINT

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

14.

Individuals with weak or compromised immune systems are at a heightened risk for contraction of Legionnaires' disease.

15.

On information and belief, Plaintiff stayed at Defendant's Premises between the dates of February 8th and 12th, 2020, on the ninth (9) floor. During his stay at Defendant's Premises, Plaintiff came into contact with the building's water supply by use of the shower and sink located in Plaintiff's room.

16.

During Plaintiff's stay at Defendant's Premises, Plaintiff was exposed to water vapors and other byproducts from Defendant's Premises' water system and cooling tower.

17.

During Plaintiff's stay at Defendant's Premises, Plaintiff inhaled *Legionella* bacteria through these water vapors and other byproducts from Defendant's Premises' water system and cooling tower.

18.

At the time of these events, Plaintiff was 72 years old and within a vulnerable class of persons at increased risk of contracting and suffering from Legionnaires' disease.

19.

On or about February 15, 2020, Plaintiff began exhibiting serious symptoms including fatigue, high fever, coughing, body aches, and digestive and cardiovascular abnormalities. On February 22, 2020, Plaintiff was admitted to Providence Emergency Department and was diagnosed with Legionnaires' Disease, also known as Legionella pneumonia. Plaintiff also suffered from severe sepsis. Plaintiff remained in the hospital for eight days due to the seriousness of the disease and its complications.

Page 5 – COMPLAINT

2020-103

1

## **FIRST CLAIM FOR RELIEF**

2

COMMON LAW NEGLIGENCE

3

20.

4

Plaintiff hereby re-alleges and incorporates paragraphs 1 - 20 above and further alleges as

5

follows upon information and belief and subject to further discovery.

6

21.

7

At all times material, Defendant Sonder managed, controlled, maintained, and repaired

8

floors two through eleven of the building located at 20 Broad Street, including the heating,

9

cooling, and water supply systems supplying water to floors two through eleven.

10

22.

11

At all times material, it was the duty of Defendant Sonder and its agents and employees

12

to maintain the heating, cooling, and water supply systems on Defendant's Premises to ensure

13

the health and safety of its business invitees.

14

23.

15

Defendant Sonder, along with its agents and employees, breached this duty by failing to

16

take reasonable and necessary steps to detect the presence of *Legionella* bacteria and remedy the

17

infectious spread in a timely manner.

18

24.

19

Defendant Sonder and its agents and employees further breached this duty by failing to,

20

among other things:

21

    a. Create a maintenance plan for the building's cooling tower, including regular

22

       sampling and remedial measures;

23

    b. Conduct regular testing of the building's water supply for the presence of

24

       *Legionella* and other bacteria harmful to persons on Defendant's Premises;

25

    c. Provide proper ventilation for the water, cooling, and all related systems

26

2020-103

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

1
2

supplying water to floors two through eleven, so as to prevent bacterial

growth;

3

    d.  Properly train staff and employees on the maintenance of the building's water,

4

cooling, and all related systems supplying water to floors two through eleven;

5

    e.  Warn all business invitees, including Plaintiff, about the presence of bacteria

6

in the water, cooling, and all related systems supplying water to floors two

7

through eleven, caused by Defendant's failure to take the proper steps listed

8

above.

9

25.

10

Defendant Sonder knew or should have known, in the exercise of reasonable care, that

11

the above-described dangerous conditions existed for an extended period of time and failed to

12

remedy such dangerous conditions.

13

26.

14

Defendant Sonder and its agents and employees had actual knowledge of the above-

15

described dangerous conditions and failed to remedy them in a timely manner.

16

27.

17

Defendant Sonder and its agents and employees had constructive knowledge of the

18

above-described dangerous conditions and failed to remedy them in a timely manner.

19

28.

20

Defendant Sonder and its agents and employees, either through action or inaction,

21

allowed, caused, or permitted Defendant's Premises to be in the above-described dangerous

22

condition and remain in such condition.

23

29.

24

As a direct and proximate result of the Defendant Sonder's breach of its duty of care,

25

Plaintiff contracted Legionnaires' disease and sustained significant physical and emotional

26

Page 7 – COMPLAINT

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

1    injuries, including, but not limited to, severe sepsis, diarrhea, fever, and exacerbation of

2    Plaintiff's cardiovascular symptoms and depression.

3                                                              30.

4            Plaintiff's injuries caused him to incur reasonable and necessary medical expenses as a

5    direct result of Defendant Sonder's negligence. Plaintiff continues to engage in treatment for

6    injuries sustained as a result of the Legionnaire's disease and will incur future medical expenses,

7    including the maintenance of his cardiovascular symptoms, which were worsened by the

8    contraction of Legionnaires' disease. The amount of future medical expenses will be determined

9    at trial.

10                                                             31.

11           As a result of the contraction of Legionnaires' disease and related symptoms due to

12   Defendant Sonder's negligence, Plaintiff incurred economic damages in the form of lost income,

13   to be determined at trial.

14                                                             32.

15           As a result of the aforementioned injury caused by Defendant Sonder's negligence,

16   Plaintiff has suffered and will continue to suffer non-economic damages in form of pain,

17   suffering, diminished capacity to enjoy life, and interference with his normal and usual activities,

18   to be determined at trial.

19

20                                        **SECOND CLAIM FOR RELIEF**

21                                              NEGLIGENCE PER SE

22                                                             33.

23           Plaintiff hereby re-alleges and incorporates paragraphs 1 - 32 above and further alleges as

24   follows upon information and belief and subject to further discovery.

25   / / /

26

Page 8 – COMPLAINT                                                                                    2020-103

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

34.

Defendant Sonder manages, controls, and operates Defendant's Premises, including the cooling tower, water system, and all related systems supplying water to floors two through eleven.

35.

Defendant Sonder is an "owner" of the cooling tower at Defendant's Premises as defined in the New York State Sanitation Code, Title 10, Volume A, Section 4 – "Protection Against Legionella" ("10 NYCRR §4-1"), codified with the statutory authority of N.Y. Public Health Law §225(5)(a).

36.

Defendant Sonder owns, leases, contracts, and/or controls the cooling tower at Defendant's Premises pursuant to 10 NYCRR §4-1.2(e).

37.

At all times material, it was Defendant Sonder's duty under 10 NYCRR §4-1 to maintain Defendant's Premises, including but not limited to the cooling tower, in good repair and in a reasonably safe condition.

38.

Defendant Sonder, along with its agents and employees, breached this duty in failing to, among other things:

   a. Create a water maintenance program and plan as required by 10 NYCRR §4-1.4;

   b. Conduct regular inspections of the cooling tower and water system as required by 10 NYCRR §4-1.8;

   c. Properly train and supervise its agents and employees in the safe operation of the cooling tower and water system as required by 10 NYCRR §4-1; and

Page 9 – COMPLAINT

2020-103

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

d.   Regularly treat and maintain the cooling tower and water system to prevent the growth of *Legionella* bacteria as required by 10 NYCRR §4-1; and

39.

Defendant Sonder, along with its agents and employees, created the above-described dangerous condition and failed to prevent, detect, and/or timely remediate the condition to provide a safe place for Plaintiff.

40.

Defendant Sonder knew or should have known, in the exercise of reasonable care, that the above-described dangerous conditions existed for an extended period of time and failed to remedy such dangerous conditions.

41.

Defendant Sonder and its agents and employees had actual knowledge of the above-described dangerous conditions and failed to remedy them in a timely manner.

42.

Defendant Sonder and its agents and employees had constructive knowledge of the above-described dangerous conditions and failed to remedy them in a timely manner.

43.

Defendant Sonder and its agents and employees, either through action or inaction, allowed, caused, or permitted Defendant's Premises to be in the above-described dangerous condition and remain in such condition.

44.

Defendant Sonder and its agents and employees neglected to cure and/or correct the above-described dangerous condition in violation of 10 NYCRR §4-1 and other applicable statutory guidelines.

/ / /

2020-103

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

45.

As a direct and proximate result of Defendant Sonder's negligence and violation of 10 NYCRR §4-1, Plaintiff was exposed to *Legionella* bacteria on Defendant's Premises and became infected with *Legionella* bacteria by inhaling water vapors on Defendant's Premises.

46.

As a direct and proximate result of Defendant Sonder's negligence and violation of 10 NYCRR §4-1, Plaintiff contracted Legionnaires' disease and suffered economic damages in the form of medical expenses and lost earnings.

47.

As a direct and proximate results of Defendant Sonder's negligence and violation of 10 NYCRR §4-1, Plaintiff suffered and will continue to suffer non-economic damages in form of pain, suffering, diminished capacity to enjoy life, and interference with his normal and usual activities.

48.

The above-mentioned occurrence was caused by the negligence of Defendant Sonder, without any culpable conduct on the part of Plaintiff.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 11 – COMPLAINT

2020-103

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

1

## **PRAYER FOR RELIEF**

2

WHEREFORE, Plaintiff prays for Judgment in his favor against Defendant Sonder for a

3

sum of economic and non-economic damages in an amount to be determined at trial. Plaintiff

4

also prays for an award of Plaintiff's reasonable costs and disbursements incurred herein and

5

their reasonable attorney's fees in a sum to be determined by the Court.

6

Dated:  November 5, 2020.

7

THENELL LAW GROUP, P.C.

8

9

By: ___*/s/ Daniel E. Thenell*___
Daniel E. Thenell, OSB No. 971655

10

Email:  Dan@ThenellLawGroup.com
Chelsea Pyasetskyy, OSB No. 136450

11

Email: chelsea@thenelllawgroup.com

12

12909 SW 68th Parkway, Suite #290
Portland, OR 97223

13

*Attorneys for Plaintiff Sydney Yamasaki*

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 12 – COMPLAINT

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

2020-103