**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SYDNEY S. YAMASAKI,<br><br>                    Plaintiff,<br>v.<br><br>SONDER USA INC, METRO LOFT MANAGEMENT LLC, 20 BROAD STREET OWNER LLC<br>                    Defendant. | Case No.: 1:21-cv-02158 (JPO)<br><br>**PROTECTIVE ORDER** |

Pursuant to this Court's authority under Rule 26(c)(1) to issue an order for good cause, to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, the Court orders the following:

**1. GOOD CAUSE STATEMENT**

In this Action, Plaintiff Sydney Yamasaki may be required to disclose highly sensitive or personal, or otherwise private and privileged documents and information relating to his medical history and medical treatment related to the injuries he sustained as a result of the incident described in the Complaint. Plaintiff may also be subject to deposition questions about and related to this highly sensitive and personal information. In order to protect Plaintiff from certain unwarranted annoyance, embarrassment, oppression, psychological harm, undue burden and expense, the Court concludes it is reasonable and appropriate to enter this Protective Order to regulate such disclosures and circumstances.

**2.     APPLICATION TO PLAINTIFF'S RECORDS**

This Protective Order shall apply to documents and information relating to Plaintiff's medical history, medical treatment and healthcare.

Page 1 – PROTECTIVE ORDER                                                                       2020-103
THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

## 2. DEFINITIONS

**2.1 "Confidential":** Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  The designation "Confidential" pursuant to this Order shall be used only with respect to documents and information relating to Plaintiff's alleged physical injuries, medical treatment and health care that the producing party believes, in good faith: (a) contains

private, non-public, confidential information that is not readily ascertainable through lawful means by the public, (b) that if disclosed publicly would likely cause annoyance, embarrassment, oppression, or infringement of privacy rights established by statute or regulation, or (c) that if used for purposes other than those authorized by this Order could cause annoyance, embarrassment, oppression or infringement of privacy rights established by statute or regulation.

**2.2 "Confidential Medical Record"**: Plaintiff's medical records.

**2.3 Designating Party**: A Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL RECORD."

**2.4 Disclosure or Discovery Material:** All items or information regardless of the medium or manner in which it is generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery in this action.

**2.5 Expert**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**2.6 Non-Party**: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

Page 2 – PROTECTIVE ORDER                                                                                                            2020-103

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

2.7 **Counsel of Record**: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.8 **Party**: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.9 **Producing Party**: A Party that produces Disclosure or Discovery Material in this action.

2.10 **Professional Vendors**: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11 **Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL RECORD."

2.12 **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Protective Order apply to any Protected Material (as defined in section 2) in this Action to include (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material disclosed in Plaintiff's deposition testimony or any Protected Material for any purpose to include motion or at trial in this Action shall be governed by a separate agreement or Order as set forth in Section 11.3, below.

Page 3 – PROTECTIVE ORDER

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

2020-103

The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

**4. DURATION**

The restrictions imposed by this Protective Order shall remain in effect until Final Disposition of the Action. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment in this Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DEPOSITIONS**

5.1 Whenever a deposition taken on behalf of any party hereto involves a disclosure of Protected Material, the party disclosing the Protected Material shall designate on the record the protected testimony as confidential. Upon the disclosure of the Protected Material, the following provisions shall apply:

(a) The originals of the deposition transcripts and all copies thereof shall bear the lend "Confidential" and subject to this Order, and not opened except for further order of this Court.

**6. DESIGNATING PROTECTED MATERIAL**

6.1 Manner and Timing of Designations. Disclosure of Protected Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires: (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions

Page 4 – PROTECTIVE ORDER

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

2020-103

or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL RECORD" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL RECORD." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL RECORD" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. (c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL RECORD." If only a portion or portions

Page 5 – PROTECTIVE ORDER                                                                                                           2020-103

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.2 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party in this action may use Protected Material in connection with this action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL RECORD" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL RECORD" only to: (a) the parties' counsel of record in this action; and employees of such counsel assigned to and necessary to assist such counsel in the preparation or the trial of this action; (b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (c) the court

Page 6 – PROTECTIVE ORDER

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

2020-103

and its personnel; (d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL RECORD," that Party must: (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL

Page 7 – PROTECTIVE ORDER                                                                                                              2020-103

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

RECORD" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

/ / /

/ / /

Page 8 – PROTECTIVE ORDER

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

2020-103

## 11. MISCELLANEOUS

**11.1 Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**11.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**11.3 Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

## 12. FINAL DISPOSITION

Within 20 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 20 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or

Page 9 – PROTECTIVE ORDER                                                                                         2020-103

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

capturing any of the Protected Material. If a Receiving Party's document management system prevents destruction of the Protected Material, the Receiving Part can, in lieu of destruction, provide an affirmation that (1) the party will continue to abide by the terms set forth in this Protective Order after the final disposition of the case; and (2) the documents will be destroyed in adherence with the firms' document retention policy.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION)

**IT IS SO ORDERED.**

Dated:  August 6, 2021

_____
J. PAUL OETKEN
United States District Judge

Page 10 – PROTECTIVE ORDER                                                                                          2020-103

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

  I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____ in the case of *Yamasaki v. Sonder, et al.* (Case No.: USDC 1:21-cv-02158). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

  I understand that I can be held in contempt of court if I fail to abide by all terms of the Stipulation and Order of Protection and Confidentiality. I further understand that monetary sanctions, in an amount to be determined by the Court, may be imposed against me if I fail to abide by said terms.

Date: _____
City and State where sworn and signed: _____
Printed name:
Signature:

Page 11 – EXHIBIT A

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

2020-103